IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Criminal Action No. 07-cr-00115-WDM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MARTIN SOTERO MENZOR,

      Defendant.

---

## ORDER ON MOTION FOR REVOCATION OF DETENTION ORDER

---

Miller, J.

      This matter is before me on Defendant Martin Sotero Menzor's motion (doc no 28) to revoke the detention order issued by Magistrate Judge Gudrun J. Rice on April 21, 2007.  I have considered the motion, the parties' oral arguments, the April 13, 2007 report from Pretrial Services, and the August 16, 2007 recommendation of Pretrial Services that the previous detention order remain in force.  For the reasons stated on the record at the August 16, 2007 hearing and those that follow, I will deny the motion.

<u>Background</u>

      Defendant is charged in a two-count indictment with: (1) possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1)[1]; (2) possession of an unregistered sawed-off shotgun in violation 26 U.S.C. § 5845(a)(1), (2), § 5861(d) and §

---

[1]The indictment lists one previous conviction: 2000 *nunc pro tunc* 1998 conviction for attempted first degree criminal trespass.

5871.

The statutory penalties for the offense of unlawful possession of a firearm by a prohibited person are imprisonment of not more than 10 years, a fine of not more than $250,000, or both, and supervised release of not more than three years.  18 U.S.C. §§ 924(a)(2), 3583(b)(2).  The penalties for the sawed-off shotgun offense are a fine of no more than $10,000, imprisonment of not more than ten years, or both.  26 U.S.C. § 5871.

Based upon the Pretrial Services report and the arguments of counsel at a detention hearing held April 18, 2007, Magistrate Judge Rice found by a preponderance of the evidence that no condition or combination of conditions for release would reasonably assure Menzor's appearance for court proceedings because he is unemployed, has two previous failure to appear, has a self-reported history of illicit drug use, has an active warrant for identity theft, and has limited financial ties to Colorado.  In addition, Magistrate Judge Rice found by clear and convincing evidence that Menzor he was a risk of danger because of the instant offense, including possession of a sawed-off shotgun, and his history of arrests and convictions.

Menzor seeks to revoke the detention order.  In his motion, he argues that he has posted a bond of $70,000 for his pending cases in El Paso County and has appeared several times in that court.  He requests that the detention order be revoked so that he can care for his mother and her property.  His mother is 69 and was recently been hospitalized. She is unable to take care of the large property and the animals and equipment there, which Defendant took care of before his arrest.  He has no ties to any place other than Colorado and would submit to electronic monitoring or other conditions needed to assure

that he would not be a danger to the community or a risk of flight. At oral argument, his counsel emphasized that Menzor has significant ties to his mother's property, that all firearms have been removed from the property, that he would be isolated from others and thus not a threat, that his failures to appear and other significant criminal offenses occurred many years ago and there was a long interval in which he had no criminal history, and that his recent behaviors show that he can comply with conditions of release.

In response, the government argued that much of Menzor's criminal history occurred while he was living on his mother's property and that his criminal history shows assaultive behavior, substance abuse, and a pattern of violating court orders, including restraining orders.

<u>Standard of Review</u>

18 U.S.C. § 3145(b) authorizes a defendant to seek revocation of a detention order entered by a magistrate judge. My review of this order is *de novo*. *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) ("The standard of review of the district court's review of a magistrate judge's detention or release order under § 3145(a) is *de novo*").

<u>Discussion</u>

Pursuant to 18 U.S.C. § 3142(e), I must determine whether there is any condition or combination of conditions of release that will reasonably assure the appearance of Defendant as required and the safety of any other person and the community. My findings concerning safety must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). Findings regarding risk of flight need only be supported by a preponderance of

3

the evidence.

Defendant is charged with two firearms offenses, each of which carries a maximum term of imprisonment of ten years or more.  The parties agree that there is no rebuttable presumption, pursuant to 18 U.S.C. § 3142(e), that no condition or combination of conditions will reasonably assure the his appearance as required and the safety of the community.  I note that the Probation Officer continues to recommend detention.

In reviewing the evidence, I must consider the following factors:  (1) the nature and circumstances of the offense charged, including whether it is a crime of violence or involves narcotic drugs; (2) the weight of the evidence against Defendant; (3) Defendant's history and characteristics, including, *inter alia*, family and community ties and criminal history; and (4) the nature and seriousness of the danger to any person or the community posed by Defendant's release.  § 3142(g)

Considering all of the § 3142(g) factors, I conclude that Menzor should remain in pretrial detention.  Incorporating my oral ruling, I briefly summarize the four factors as follows:

The indictment charges Menzor with charges of possession of firearms, including a sawed-off shotgun.  This may be a crime of violence for sentencing purposes, *see United States v. Dwyer,* 245 F.3d 1168, 1172 (10th Cir. 2001) (unlawful possession of an unregistered firearm is a crime of violence under sentencing guidelines), and, since it involves firearms, weighs against Menzor.  The evidence is mixed with respect to the second factor, which is the weight of the evidence against Menzor.  He admits to at least some knowledge of the various weapons found on the property, although some of the

4

weapons may have been attributable to other members of the family.  Nonetheless, given Menzor's actual and constructive knowledge of the presence of these firearms, this factor weighs against him.

The evidence is similarly mixed on the third factor.  Evidence concerning Menzor's family, employment, and ties to the community weigh in his favor.  He has lived and worked on his family's property for several years and it appears to be his permanent home.  There is no indication that his lifestyle is transient in any way.  However, Menzor's past conduct, including his extensive criminal history involving use of illegal drugs and violence, weighs against him.  In addition, as noted by the government and probation officer, there have been several instances where Menzor failed to appear or was charged with and convicted of violating restraining orders.  Menzor's history of failing to comply with the directives of the applicable court weighs against him.

Finally, I consider the nature and seriousness of the danger to any person or the community that would be posed by Menzor's release.  I am particularly concerned about the person, previously in an intimate relationship with Menzor, who informed police about Menzor's possession of firearms.  There have been numerous attacks on this person's credibility in the courtroom.  In light of Menzor's history involving domestic violence and violation of restraining orders, I conclude that Menzor may not be constrained by any court order or condition imposed by this court to avoid contact with the complaining witness. Accordingly, I conclude that the evidence is clear and convincing that he would be a danger to a particular person to his community and by a preponderance of the evidence, based upon his history of non-compliance, the remote nature of the property, and the

5

serious charges he faces, that he would be a risk of flight.

Accordingly, it is ordered:

1.     Menzor's Motion for Revocation of Detention Order (doc no 28) is denied. Defendant is to be detained as a flight risk and a danger to the public pending further order of the court.

2.     Menzor shall remain in the custody of the Attorney General or his designee for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3.     Menzor shall be afforded reasonable opportunity for private consultation with counsel.

4.     On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Menzor is confined shall deliver him to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DATED at Denver, Colorado, on August 20, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge